UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| BOBBY E. HAZEL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 6:10-CV-064-GFVT |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| UNITED STATES FEDERAL | ) | **AND ORDER** |
| BUREAU OF PRISONS, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on several motions filed by Plaintiff Bobby E. Hazel, an individual currently incarcerated at the United States Penitentiary-McCreary ("USP-McCreary"), in Pine Knot, Kentucky. On March 4, 2010, Hazel filed the instant *pro se* civil rights Complaint, under 28 U.S.C. § 1331 and pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). By separate orders, the Court denied Hazel's accompanying Motion for Preliminary Injunctive Relief but granted his Motion for Permission to Proceed *in forma pauperis*.

In the interim, the Plaintiff has filed a Notice of Interlocutory Appeal of the Court's denial of preliminary injunctive relief. He has also filed two other motions, which are currently pending in this case. However, the Court notes that the Plaintiff's Complaint [R. 2] has not yet been screened, as required under 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A; and *McGore v.*

*Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).[1]  The Court will proceed to address all of these matters.  For the reasons set forth below, Hazel's cause of action will be dismissed and the pending motions denied as moot.

## I.

In his Complaint, Plaintiff Hazel alleged that in February of 2010, he passed blood in his stool, felt weak and was twice taken to a local hospital emergency room when he passed out.  No one at the prison or the hospital had diagnosed his medical problem as of the date on which he filed this action.

As Defendants, the Plaintiff originally named the "United States of America Bureau of Prison [which] is an agency of the 'United States' Department of Justice who is responsible for negligent act or omission of any employees . . . ;" and Eric Wilson, the warden at the USP-McCreary.  Additionally, Hazel stated that he will name as Defendants Bureau of Prisons ("BOP") employees whose names were then unknown to him.  In his recently filed Motion to Amend his Complaint, the Plaintiff seeks to add two additional BOP employees, G. Cooper and M. Casada, as they purportedly "took part in the deprivation of  the plaintiffs rights in parapraph [sic] 2 thrus [sic] 8 in the original complaint."

From the beginning, Plaintiff has claimed that the named Defendants have all (1) been negligent in addressing his medical needs; (2) violated his rights under the U.S. Constitution's Fifth Amendment guarantee of equal protection; and also (3) violated the Eighth Amendment prohibition against cruel and unusual punishment.  He has sought declaratory, injunctive, and

---

[1]  A *pro se* pleading is held to less stringent standards than those drafted by attorneys.  *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).  But the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief. 28 U.S.C. § 1915(e)(2)(B).

damage relief.

## II.

The Court first addresses whether it has jurisdiction to screen Hazel's Complaint, since the Plaintiff has filed a notice of an interlocutory appeal. The traditional rule is that "a timely appeal divests the district court of jurisdiction to reconsider its judgment until the case is remanded by the Court of Appeals." *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993). In *Pittock*, the Sixth Circuit noted that, "[a]s a general rule, a district court no longer has jurisdiction over an action as soon as a party files a notice of appeal, and at that point the appellate court assumes jurisdiction over the matter." *Id.* at 327. The appellate court has carved out exceptions to this rule, however, that allow a District Court to entertain a motion for relief from judgment after an appeal has been filed if it so chooses. *First National Bank of Salem, Ohio v. Hirsch*, 535 F.2d 343, 346 (6th Cir. 1976). As to these exceptions, "the district court retains jurisdiction when the appeal is untimely, presents issues that the appellate court had previously decided in the same case, or is from a non-final, non-appealable order." *Pittock*, 8 F.3d at 327.

This Court finds that because the Plaintiff's notice of appeal on its face characterizes his appeal as "interlocutory" and because the District Court retains jurisdiction in aid of an appeal, then it may continue its duties, such as screening the Complaint. The Court chooses to do so now, as summary dismissal would save some of the judicial resources which the Plaintiff continues to strain. *See generally Rucker v. United States Dept. of Labor*, 798 F.2d 891, 892 (6th Cir. 1986).

Dismissal of the instant Complaint is warranted on several grounds. First, this lawsuit is

barred by 28 U.S.C. § 1915(g), which prohibits frequent filers of prisoner suits and appeals from doing so *in forma pauperis*. *Sua sponte* review of the nationwide Public Electronic Access to Public Records ("PACER") database website, which compiles information concerning civil actions filed in all federal courts, reveals that Hazel has filed numerous civil lawsuits complaining of his medical care and other conditions of confinement.

Before Plaintiff even filed this lawsuit, he had already been deemed a vexatious litigant in the courts familiar with him. In fact, two years ago another court had found Hazel subject to the "three strikes" bar of Section 1915(g). *See Hazel v. Lappin*, No. 08-1644 (D.D.C. 2008) [R. 24 at 2] ("Defendants establish that plaintiff has accumulated three strikes for purposes of Section 1915(g)"). Had the Plaintiff been honest with this Court as to his other lawsuits, he could have saved the Court a significant amount of time to which he was not entitled.

Additionally, in the documents filed in support of Plaintiff's request for preliminary injunctive relief, he alleged that he had "sought all available remedies possible for relief." However, the administrative documents which Plaintiff has submitted to date do not support this claim. They do not show that Hazel pursued any administrative remedy process at all with regard to his present medical care prior to filing his Complaint.

Congress has made both the time and the extent of use of administrative remedies important. For a negligence claim, it not only enacted the Federal Tort Claims Act ("FTCA") but drafted the legislation to require administrative exhaustion prior to suit. The FTCA even provides its own distinct process and a form for a claimant's use to exhaust his or her administrative remedies. *See* 28 U.S.C. § 2675(a); *Tinker-Bey v. Meyers*, 800 F.2d 710 (7th Cir. 1986). There is no attached document or indication of any kind in the current record that Hazel

exhausted the FTCA administrative scheme prior to filing this lawsuit.

As to exhaustion prior to bringing Constitutional claims, Congress imposed the total exhaustion rule on *Bivens* claims by enacting the Prison Litigation Reform Act of 1995 ("PLRA"), effective April 26, 1996. In the PLRA, 42 U.S.C. § 1997e(a) was amended to provide as follows:

> No action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*Id*. This is a federal statute, which the Supreme Court of the United States has described as meaning precisely what it says. *Booth v. Churner*, 532 U.S. 731, 741 (2001) ("Thus, we think that Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures.")

The administrative remedies available to inmates confined in Bureau of Prisons institutions are set out in the Administrative Remedy Program, found at 28 C.F.R. §§ 542.10-542.19 (2000), a four-tiered system. Section 542.13(a) demands that an inmate first informally present his complaint to the staff, thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may initiate the formal remedy process by filing a written request (a BP-229 form, formerly a BP-9) to the Warden within "20 calendar days following the date on which the basis of the Request occurred." *See* § 542.14(a).

For the latter two levels of appeal, if the inmate is not satisfied with the Warden's response, he may appeal to officials outside the prison with a BP-230 form (formerly BP-10) to the Regional Director for the geographical region in which the inmate's place of confinement is

located.  For federal prisoners in the Eastern District to Kentucky, the appeal goes to the Mid

Atlantic Regional Office of the BOP in Annapolis Junction, Maryland.  If the prisoner is not

satisfied with the Regional Director's response, the inmate may appeal to the Office of General

Counsel of the BOP (a BP-231, formerly BP-11).  *See* § 542.15 (a)-(b).

The administrative procedure includes established response times.  *See* § 542.18.  As

soon as an appeal is accepted and filed, the Warden has twenty (20) days to respond; the

Regional Director, thirty (30) days; and General Counsel, forty (40) days.  Only one extension of

time of twenty to thirty days, in writing, is permitted the agency.  There is even an expedited

procedure for any request "determined to be of an emergency nature which threatens the

inmate's immediate health or welfare."  *Id.*  "If the inmate does not receive a response within the

time allotted for reply, including extension, the inmate may consider the absence of a response to

be a denial at that level."  *Id*.

Yet the instant Plaintiff's current administrative exhibits show that after his second

hospitalization, he did not file an initial request for further medical attention (the BP 8 ½ form)

until *after* he signed the Complaint and Motion for Preliminary Injunctive Relief in this case.  He

attaches a BP-9, marked "Sensitive," which he wrote to the warden about this issue a few days

later, on March 9, 2010.  As to Hazel's last two steps in the remedy process, those which appeal

to officials outside the prison, the Plaintiff has copied his BP-10 to the Regional Director and

BP-11 to the BOP's National Office.  However, these appeals are both dated the same day,

March  17, 2010, a simultaneous filing to both the regional and national offices of the BOP,

which is contrary to the sequential times called for in the above-described regulations.

Further, Plaintiff offers no responses from the BOP – at any level.  Indeed, his own

documents show why. He did not allow any BOP official time for a response before he went to the next level. Therefore, despite having filled out a stack of administrative remedy forms, Hazel has not exhausted the administrative remedy process, because he has not submitted the forms consistent with when they were due. In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that exhaustion of administrative remedies must be done "properly," which means going through all steps that the agency holds out, obeying all directions, and adhering to all deadlines. *Id*. at 90. From the Plaintiff's stated chronology in his own pleadings, this Court concludes that Hazel has not properly exhausted the BOP administrative process prior to filing this suit.

Plaintiff's use of the word "sensitive" on the BP forms which he has supplied suggests that he was attempting to shorten the required appeal process. This word, "sensitive," appears in 28 C.F.R. § 542.14(d)(1), which provides a shorter, two-step administrative remedy process for such an issue. However, the regulation itself provides that it is applicable only when the prisoner reasonably believed his "safety or well-being would be placed in danger if the Request became known at the institution." In such a case, a prisoner would file his requests outside the prison, directly to the Regional Director, and then he would submit only one appeal, to the BOP Central Office.

Hazel's issue in this case, however, is not a sensitive one, as sensitivity is thus defined. Since the instant Plaintiff purportedly seeks immediate medical intervention and the foreshortening of the administrative process, he had available the BOP's "emergency" process. It provides that "[i]f the Request is determined to be of an emergency nature which threatens the inmate's immediate health or welfare, the Warden shall respond not later than the third calendar

day after filing. . . ."  28 C.F.R. § 542.18.  Yet this frequent filer did not use it.

Plaintiff does not demonstrate that he has used the BOP's ordinary administrative remedies properly prior to filing this suit.  Nor has he demonstrated that he pursued the variation of the BOP regulations for use in emergencies prior to filing suit.  *See Dudley v. Bureau of Prisons*, No. 08-04022, 2009 WL 775535, at *1, n.1 (D. S.D. March 24, 2009) (rejecting prisoner's argument that he should be excused from administratively exhausting claims alleging imminent physical danger and explaining the availability of emergency relief available in 28 C.F.R. § 542.18).

This Plaintiff's administrative remedy exhibits also clearly show that he did not have time enough to exhaust the matter.  The Supreme Court has also ruled on this issue.  It held that if non-exhaustion is clear on the face of a prisoner's Complaint, the District Court may *sua sponte* dismiss the action for failure to exhaust.  *Jones v. Bock,* 549 U.S. 199, 215 (2007).  That is exactly the situation herein.

This Court has screened the Plaintiff's Complaint and the remainder of the record to come to the conclusion that dismissal is appropriate.  The Court will enforce federal law on exhaustion by dismissing the instant Complaint for the Plaintiff's clear failure to properly exhaust this matter through the BOP administrative remedy scheme before filing this lawsuit.

It should be remembered that exhaustion of administrative remedies prepares a record for the District Courts.  *See Brice v. Day*, 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086 (1980).  The current record contains only the Plaintiff's allegation that he passed out twice and twice was taken to the emergency room.  He was not denied medical attention.  Administrative documents would fill in what was done or not done next and why, facts that would go to the

ultimate issue of whether the Defendants have been deliberately indifferent to his serious medical needs.

Also, the federal courts have recognized that there are several additional reasons that the exhaustion requirement should be enforced. As stated by the Third Circuit in *Lyons v. United States Marshals*, 840 F.2d 202 (3rd Cir. 1988):

> The exhaustion requirement promotes: (1) deference to Congress' decision that independent administrative tribunals, not courts, should serve as the initial forum for dispute resolution; (2) respect for administrative autonomy by minimizing unnecessary judicial intervention; and (3) judicial economy by resolving complaints or setting forth findings of fact.

*Id.* at 205.

Finally, the Plaintiff has filed a second Motion to Proceed *in forma pauperis*. However, his reason for doing so is unexplained. He had originally been granted pauper status in this case, before the Court discovered his true litigation history, and he has not yet paid the installment payments toward the filing fee for this action. At best, this Motion is, therefore, repetitive. And, to the extent that the Plaintiff meant to seek permission to proceed as a pauper on his interlocutory appeal, the Motion must be denied as barred by 28 U.S.C. § 1915(g).

### III.

Accordingly, for the reasons stated above, **IT IS ORDERED** as follows:

1.      This action will be **DISMISSED,** *sua sponte*;

2.      Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants;

3.      Plaintiff Hazel's Motion to Amend/Supplement the Complaint [R. 11] by adding two defendants and allegations about them does not salvage this Complaint, and it is therefore,

9

**DENIED AS MOOT**; and

4.      Hazel's Motion to Proceed *in forma pauperis* [R. 12] is **DENIED**.

This the 10th day of June, 2010.

Signed By:

*Gregory F. Van Tatenhove*

**United States District Judge**